```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF TENNESSEE
                  WESTERN DIVISION
```
_____

|   |   |
|---|---|
| BRUCE SMITH, Individually and as Next of Kin, on behalf of all known and unknown Wrongful Death Beneficiaries of BRUCE BUTLER, Deceased Minor,  )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiff, ) | No. 24-cv-2897-tmp |
| ) | |
| v. ) | |
| ) | |
| HEINZ CEVALLOS-VERA, GDS TRANSPORT, and RELIANCE TRANSPORT, LLC, )<br>)<br>) | |
| ) | |
| Defendants. ) | |

_____

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**
_____

Before the court are defendants Heinz Cevallos-Vera, GDS Transport, LLC ("GDS"),[1] and Reliance Transport, LLC's ("Reliance") Joint Motion to Dismiss or, in the Alternative, Motion to Strike, filed November 21, 2024.[2] (ECF Nos. 8, 9.) On December 11, 2024, prior to responding to defendants' motion, plaintiff Bruce Smith filed his first amended complaint. (ECF No. 10.) Smith then responded to defendants' motion on December

---

[1]Defendants explain in their motion to dismiss that GDS Transport, LLC is incorrectly named in the case caption as "GDS Transport." (ECF No. 9 at PageID 39.)

[2]The parties consented to having the undersigned conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings. (ECF No. 13.)

17, 2024. (ECF No. 11.) For the reasons below, defendants' motion is DENIED as moot.

On September 30, 2024, Smith (a citizen of Arkansas), commenced a wrongful death action, both individually and as next of kin of his deceased minor son Bruce Butler, in Shelby County Circuit Court against defendants (all citizens of New Jersey). (ECF No. 1-2.) The complaint arises out of a traffic accident on Interstate 40 in Shelby County, resulting in the death of Butler. Smith asserts theories of negligence and negligence *per se*, requesting $50,000,000 in damages, in addition to punitive damages. (Id.) Defendant Cevallos-Vera was served process on October 18, 2024, and defendants GDS and Reliance were served on October 26, 2024. (ECF No. 1.) They removed the complaint to the Western District of Tennessee on November 18, 2024, relying on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. (Id.)

Defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on November 21, 2024.[3] (ECF Nos. 8, 9.) Defendants argue that Smith did not plead sufficient facts to support that defendants are liable under a

---

[3] In the alternative, defendants moved to strike certain portions of the complaint under Tennessee Rule of Civil Procedure 12.06. (ECF No. 9.) It is well settled that "[t]he Federal Rules of Civil Procedure . . . control pleading in diversity cases." Evans v. Pearson Enters., Inc., 434 F.3d 839, 851 (6th Cir. 2006) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297 (3d ed. 2005)).

theory of negligence *per se* in part because Smith did not identify specific statutes, or to warrant punitive damages in part because Smith's allegations are conclusory and do not contain specific facts to support vicarious liability for GDS and Reliance. (ECF No. 9.) Defendants also argue that Smith is not entitled to pre-judgment interest under Tennessee law. (Id.)

On December 11, 2024, within twenty-one days of defendants' motion, Smith filed his amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).[4] (ECF No. 10.) Smith's amended complaint includes new facts in support of his allegations, including citing to specific provisions of the Federal Motor Carrier Safety Regulations, Tennessee law, and Memphis ordinances, and additional facts to support a claim for punitive damages. (Id.) Smith also removed his request for pre-judgment interest. Smith then filed his response to defendants' motion on December 17, 2024, arguing that the motion is now moot. (ECF No. 11.) On December 18, 2024, defendants answered Smith's amended complaint. (ECF No. 12.)

"Generally, an 'amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot.'" Klein by Klein v. Caterpillar Inc., 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022) (quoting Ky. Press Ass'n v.

---

[4]Defendants have not contested that Smith's amended complaint was authorized under Rule 15.

Kentucky, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005)). Smith's amended complaint includes new allegations in support of his claims challenged by defendants and removes the request for pre-judgment interest. Considering these changes, the court finds that defendants' motion to dismiss is moot. See id.

    Accordingly, defendants' motion to dismiss is DENIED.

    IT IS SO ORDERED.

                                s/Tu M. Pham
                                TU M. PHAM
                                Chief United States Magistrate Judge

                                January 30, 2025
                                Date